UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Airrick Bey,                             )
                                         )
            Petitioner,                  )
                                         )        Case: 1:16-cv-01114         (F-Deck)
      v.                                 )        Assigned To : Unassigned
                                         )        Assign. Date : 6/14/2016
State of Michigan,                       )        Description: Pro Se Gen. Civil
                                         )
            Respondent.                  )

MEMORANDUM OPINION

Petitioner, proceeding *pro se*, has submitted a mandamus action against the State of

Michigan. He seeks "to enforce the Default Judgment filed on 2/25/16 as the Writ of Discovery/

Averment of Jurisdiction . . . ." Pet. at 1. Petitioner lists a case number not of this Court.

Petitioner's accompanying application to proceed *in forma pauperis* will be granted for the

purpose of dismissing this case. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case

upon a determination that the complaint fails to state a claim upon which relief may be granted).

The extraordinary remedy of a writ of mandamus is available to compel an "officer or

employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28

U.S.C. § 1361. Petitioner bears a heavy burden of showing that his right to a writ of mandamus

is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted).

This Court has no authority to issue the writ against the State of Michigan or to enforce the

judgment of a court of that State. *See Noble v. Cain*, 123 Fed. Appx. 151, 152-53 (5th Cir. 2005)

(per curiam) ("mandamus relief . . . is not available to federal courts to direct state officials in the

performance of their duties and functions") (citations omitted); *United States v. Choi*, 818 F.

Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other

1

3

judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). Hence, this case will be dismissed with prejudice.

A separate order accompanies this Memorandum Opinion.

United States District Judge

Date:  June /0 , 2016